IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-81,093-01 & -02 & -03




EX PARTE FREDRICK LAMAR SHAVERS, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W07-30507, W07-30512 & W07-30518 
IN THE 2ND DISTRICT COURT FROM DALLAS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three cases
of sexual assault of a child and sentenced to fifteen years’ imprisonment in each case. He did not
appeal his convictions. 
            Applicant contends that trial counsel was ineffective and that his pleas were involuntary
because counsel failed to investigate the facts of the cases, failed to call defense witnesses who
would have provided a viable defense, and counsel conceded guilt to the media, thereby preventing
Applicant from withdrawing his guilty pleas. Applicant has alleged facts that, if true, might entitle
him to relief.


 In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to Applicant’s claims of
ineffective assistance of counsel and involuntary pleas. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
             The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his pleas were involuntary. The trial court shall also make findings of fact and
conclusions of law as to whether counsel: (1) failed to investigate the facts of the cases, (2) failed
to call witnesses that could provide a viable defense, (3) threatened Applicant with a sentence of 120
years if he took the cases to trial; and, (4) whether counsel deprived Applicant of any opportunity
to withdraw his pleas or receive fair trials by conceding Applicant’s guilt to the media. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
Filed: April 9, 2014
Do not publish